## A. W. Lavender v. The State.

· No. 23178. Delivered June 20, 1945.
Rehearing Denied October 10, 1945.

The opinion states the case.

*McIntosh & Duncan,* of Gilmer, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction on a charge of aggravated assault with a fine of one hundred dollars.

The record is before us without bills of exception or a statement of facts. We find certain exceptions filed to the court's charge which we are unable to appraise in the absence of a statement of facts. We find nothing for our consideration.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant, for the first time, in his motion for a rehearing claims that he was deprived of a statement of facts without any fault on his part and prays that upon a hearing of said motion this court do so hold ,and reverse and remand his case. He states in his motion that the court reporter who took down the evidence left Gilmer soon after the trial without furnishing him a copy and an original statement of the evidence adduced

upon the trial and without leaving a forwarding address; that by reason thereof he was deprived of a statement of facts without any fault or negligence on his part. Under the facts set forth in his motion he has not relieved himself of negligence in procuring a statement of facts. Appellant was charged with a misdemeanor and tried in the County Court of Upshur County. Therefore, under Article 760, C.C.P., if the court reporter left without complying with the request of appellant or his attorney for a transcribed statement of facts, he should have prepared one himself and submitted it to the County Attorney for examination, and in the event he agreed to it, then submitted it to the trial judge for his approval; or in the event the County Attorney failed to agree to it, he should then have submitted the same to the trial judge, whose duty it was to prepare and file one himself, but this provision of the statute seems to have been ignored by appellant. Therefore, he cannot claim that he was deprived of a statement of facts without any fault on his part. Moreover, he does not claim that he made any effort to locate the court reporter and get in touch with her.

The motion is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.